FILED BY_____ MM ___ D.C.

Jan 17, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
# 23-10003-CR-ALTMAN/SNOW

### CASE NO. _____

**18 U.S.C. § 371**
**8 U.S.C. § 1324(a)(1)(iii), (iv), and (v)(I)**
**26 U.S.C. § 7206(1)**
**8 U.S.C. § 1324a(a)(2) and (f)(1)**

**UNITED STATES OF AMERICA**

**v.**

**EKA SAMADASHVILI,**
**DAVIT PAVLIASHVILI,**
**NINO SCOTT, and**
**DAVID KUTATELADZE**

　　　　**Defendants.**

_____

## INFORMATION

The Acting Assistant Attorney General charges that:

At all times relevant to this Information, or as otherwise indicated herein:

1.　　　D.G. was a resident of Key West, Florida. From at least January 2014 through at least March 2021, D.G. owned and operated several labor staffing companies that provided workers to hotels, bars, and restaurants in the Southern District of Florida, including PSEB Services JD, Inc. ("PSEB Services"), Paradise Hospitality Solutions LLC, Paradise Hospitality Group LLC, Paradise Hospitality Inc. (collectively, "Paradise Hospitality"), and HBSM Corp.

2.　　　J.Z. was a resident of Key West, Florida. From at least January 2014 through at least December 2016, J.Z. held an ownership interest in PSEB Services and Paradise Hospitality.

1

3.     **EKA SAMADASHVILI** was a resident of Key West, Florida. From at least January 2014 through at least November 2020, **SAMADASHVILI** helped D.G. operate PSEB Services, Paradise Hospitality, and HBSM Corp. (collectively, "D.G.'s labor staffing companies").

4.     **DAVIT PAVLIASHVILI** was a resident of Key West, Florida. From at least May 2016 through at least March 2020, **PAVLIASHVILI** helped operate Paradise Hospitality.

5.     **NINO SCOTT** was a resident of Key West, Florida. From at least March 2017 through at least October 2020, **SCOTT** helped operate Paradise Hospitality.

6.     **DAVID KUTATELADZE** was a resident of Key West, Florida. From at least February 2017 through at least July 2019, **KUTATELADZE** helped operate Paradise Hospitality.

7.     As alleged in this Information, D.G., J.Z., **EKA SAMADASHVILI, DAVIT PAVLIASHVILI, NINO SCOTT, DAVID KUTATELADZE,** and others facilitated the employment in the hospitality industry of non-resident aliens who were not authorized to work in the United States. By obtaining and paying workers through D.G.'s labor staffing companies, hotels, bars, and restaurants operating in Key West and elsewhere attempted to disclaim responsibility for ensuring that: (1) workers were legally authorized to work in the United States, and (2) federal income and employment taxes were withheld and paid over to the Internal Revenue Service (IRS).

## LEGAL BACKGROUND

8.     The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

9.     The Federal Insurance Contribution Act (FICA) required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers

held these taxes in trust for the United States and were required to pay them over to the IRS on behalf of their employees. Collectively, these withheld taxes will be referred to as "trust fund taxes."

10. In addition to the trust fund taxes, employers were required to pay over an employer portion of FICA taxes. The trust fund taxes along with the employer's portion of FICA taxes will be collectively referred to as "employment taxes."

11. United States Citizenship and Immigration Services (USCIS) was a United States governmental agency whose primary responsibility was to enforce the nation's immigration laws.

12. The USCIS Form I-9, Employment Eligibility Verification, (USCIS Form I-9) required that an employee attest to his or her employment authorization. The employee must also present acceptable documents evidencing identity and employment authorization to the employer. The employer must examine the employment eligibility and identity documents to determine whether the documents reasonably appear to be genuine and to relate to the employee. The employer was required to record employee identity information on the USCIS Form I-9 and maintain those records onsite.

## COUNT ONE
(Conspiracy against the United States)

13. The factual allegations contained in Paragraphs 1 through 12 of this Information are re-alleged and incorporated herein.

14. Beginning in at least January 2014 and continuing through November 2020, within the Southern District of Florida and elsewhere, defendant,

**EKA SAMADASHVILI,**

D.G., J.Z., Davit Pavliashvili, Nino Scott, David Kutateladze, and others known and unknown to the United States, unlawfully, voluntarily, intentionally, and knowingly conspired, combined,

confederated, and agreed together and with each other (1) to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes and employment taxes, and (2) to commit offenses against the United States, namely (a) encouraging and inducing aliens to come to, enter, or reside in the United States knowing or in reckless disregard of the fact that such coming to, entry, or residence was or would be in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and, (b) concealing, harboring, and shielding from detection aliens knowing or in reckless disregard of the fact that such aliens had come to, entered, or remained in the United States in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

**Manner and Means**

15. In furtherance of the conspiracy, **EKA SAMADASHVILI,** D.G., J.Z., Davit Pavliashvili, Nino Scott, David Kutateladze, and others known and unknown to the United States entered into written contracts and verbal agreements with hotels, bars, and restaurants in Key West and elsewhere to provide labor staffing services. These agreements helped D.G.'s labor staffing companies' customers attempt to disclaim responsibility for ensuring that workers were legally authorized to work in the United States and that federal employment taxes were withheld and paid over to the IRS, when, in fact, many of D.G.'s labor staffing companies' customers knew or had reason to believe that the workers provided under these agreements were not authorized to work in the United States and that federal income and employment taxes were not being withheld and paid over to the IRS.

16. In furtherance of the conspiracy, **EKA SAMADASHVILI,** D.G., J.Z., Davit Pavliashvili, Nino Scott, David Kutateladze, and others known and unknown to the United States facilitated the employment of more than 100 alien workers by hotels, bars, and restaurants in Key

West and elsewhere knowing or in reckless disregard of the fact those alien workers were not legally present in the United States and did not have authorization to work in the United States. The workers employed at the hotels, bars, and restaurants who used D.G.'s labor staffing services did not attest to their eligibility to work in the United States on USCIS Forms I-9, and **EKA SAMADASHVILI**, D.G., J.Z., Davit Pavliashvili, Nino Scott, David Kutateladze, and others known and unknown to the United States failed to complete or maintain the requisite USCIS Form I-9 records for each worker.

17.   In furtherance of the conspiracy, **EKA SAMADASHVILI**, D.G., J.Z., Davit Pavliashvili, Nino Scott, David Kutateladze, and others known and unknown to the United States paid workers without withholding federal income or employment taxes from the workers' gross wages.

18.   In furtherance of the conspiracy, **EKA SAMADASHVILI**, D.G., J.Z., Davit Pavliashvili, Nino Scott, David Kutateladze, and others known and unknown to the United States failed to prepare and file with the IRS requisite Form W-2, Wage and Tax Statements, for workers employed at hotels, bars, and restaurants in Key West and elsewhere through the D.G.'s labor staffing company.

19.   In furtherance of the conspiracy, **EKA SAMADASHVILI**, D.G., J.Z., Davit Pavliashvili, Nino Scott, David Kutateladze, and others known and unknown to the United States agreed to falsely report to the IRS only a portion of their total annual compensation from the labor staffing scheme.

20.   In furtherance of the conspiracy, **EKA SAMADASHVILI**, D.G., J.Z., Davit Pavliashvili, Nino Scott, David Kutateladze, and others known and unknown to the United

States filed with the IRS false individual income tax returns that underreported the income they made from their illicit labor staffing business.

**Overt Acts**

21.     On June 4, 2019, Paradise Hospitality, Inc. issued Check No. 216946 in the amount of $458.64 to Non-Resident Alien 1. This amount represented untaxed wages to Non-Resident Alien 1 earned for labor provided through Paradise Hospitality, Inc. to a restaurant in Key West, Florida. During the time of their employment, Non-Resident Alien 1 was not lawfully present in the United States nor were they authorized to work in the United States. Defendant **EKA SAMADASHVILI**, D.G., J.Z., Davit Pavliashvili, Nino Scott, David Kutateladze, and others known and unknown to the United States did not require Non-Resident Alien 1 to provide any proof of their eligibility to work in the United States

22.     On June 3, 2019, **EKA SAMADASHVILI** filed with the IRS a false U.S. Individual Income Tax Return ("IRS Form 1040") for tax year 2018 that omitted more than $19,000 of income received from the labor staffing business and that falsely deducted business expenses to which she was not entitled.

23.     On July 8, 2020, **EKA SAMADASHVILI** filed with the IRS a false IRS Form 1040 for tax year 2019 that omitted more than $19,000 of income received from the labor staffing business and that falsely deducted business expenses to which she was not entitled.

In violation of Title 18, United States Code, Section 371.

**COUNT TWO**
(Conspiracy to Harbor Aliens and Induce them to Remain)

24.     The factual allegations contained in Paragraphs 1 through 12 of this Information are re-alleged and incorporated herein.

25.     Beginning in at least May 2016 and continuing through at least March 2020, within the Southern District of Florida and elsewhere, defendant,

**DAVIT PAVLIASHVILI,**

D.G., J.Z., Eka Samadashvili, Nino Scott, David Kutateladze, and others known and unknown to the United States, unlawfully, voluntarily, intentionally, and knowingly conspired, combined, confederated, and agreed together and with each other to commit the following crimes against the United States: (1) encouraging and inducing aliens to come to, enter, or reside in the United States knowing or in reckless disregard of the fact that such coming to, entry, or residence was or would be in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and (2) concealing, harboring, and shielding from detection aliens knowing or in reckless disregard of the fact that such aliens had come to, entered, or remained in the United States in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), all in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).

**Manner and Means**

26.     In furtherance of the conspiracy, **DAVIT PAVLIASHVILI,** D.G., J.Z., Eka Samadashvili, Nino Scott, David Kutateladze, and others known and unknown to the United States entered into written contracts and verbal agreements with hotels, bars, and restaurants in Key West and elsewhere to provide labor staffing services. These agreements helped D.G.'s labor staffing companies' customers attempt to disclaim responsibility for ensuring that workers were legally authorized to work in the United States, when, in fact, many of D.G.'s labor staffing companies'

customers knew or had reason to believe that the workers provided under these agreements were not authorized to work in the United States.

27.     In furtherance of the conspiracy, **DAVIT PAVLIASHVILI**, D.G., J.Z., Eka Samadashvili, Nino Scott, David Kutateladze, and others known and unknown to the United States facilitated the employment of more than 100 alien workers by hotels, bars, and restaurants in Key West and elsewhere knowing or in reckless disregard of the fact those alien workers were not legally present in the United States and did not have authorization to work in the United States. The workers employed at the hotels, bars and restaurants who used D.G.'s labor staffing services did not attest to their eligibility to work in the United States on USCIS Forms I-9, and **DAVIT PAVLIASHVILI**, D.G., J.Z., Eka Samadashvili, Nino Scott, David Kutateladze, and others known and unknown to the United States failed to complete or maintain the requisite USCIS Form I-9 records for each worker.

In violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).

## COUNT THREE
Filing a False Tax Return for Tax Year 2019
(26 U.S.C. § 7206(1))

28.     The factual allegations contained in Paragraphs 1 through 12 of this Information are re-alleged and incorporated herein.

29.     On or about April 11, 2020, in Monroe County, Florida, in the Southern District of Florida, the defendant,

**DAVIT PAVLIASHVILI,**

did willfully make and subscribe an IRS Form 1040 for calendar year 2019, which was verified by a written declaration that it was made under the penalties of perjury and filed with the IRS, and which **DAVIT PAVLIASHVILI** did not believe to be true and correct as to every material matter.

Among other things, the defendant falsely reported on Line 7B of his IRS Form 1040 total income of $96,743, whereas he then and there well knew that his tax return failed to report more than $30,000 of additional income that he had received from Paradise Hospitality.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR
Filing a False Tax Return for Tax Year 2018
(26 U.S.C. § 7206(1))

30.     The factual allegations contained in Paragraphs 1 through 12 of this Information are re-alleged and incorporated herein.

31.     On or about April 7, 2019, in Monroe County, Florida, in the Southern District of Florida, the defendant,

**NINO SCOTT,**

did willfully make and subscribe an IRS Form 1040 for calendar year 2018, which was verified by a written declaration that it was made under the penalties of perjury and filed with the IRS, and which **NINO SCOTT** did not believe to be true and correct as to every material matter. Among other things, the defendant falsely reported on Line 6 of her IRS Form 1040 total income of $13,065, whereas she then and there well knew that her tax return failed to report more than $34,000 of additional income that she had received from Paradise Hospitality.

In violation of Title 26, United States Code, Section 7206(1).

**COUNT FIVE**
Unlawful Employment of Aliens
(8 U.S.C. §§ 1324a(a)(2) and (f)(1))

32.     The factual allegations contained in Paragraphs 1 through 12 of this Information are re-alleged and incorporated herein.

33.     On or about December 15, 2017, **DAVID KUTATELADZE** registered Ice Cream Island, LLC, as a limited liability company with the State of Florida.

34.     From approximately December 15, 2017, through at least November 12, 2020, **DAVID KUTATELADZE** owned and operated Ice Cream Island LLC under the business name "Carpe Diem," an ice cream shop located in Key West, Florida.   During this time, **DAVID KUTATELADZE** paid his employees through Paradise Hospitality.

35.     Between January 11, 2018, and November 12, 2020, within the Southern District of Florida, the defendant,

**DAVID KUTATELADZE,**

engaged in a practice and pattern of employing in the United States certain aliens, as specified in the table below, knowing that said aliens were unauthorized aliens (as defined in Title 8, United States Code, Section 1324a(h)(3)), with respect to such employment.

| Alien | Approximate Dates of Employment |
|-------|--------------------------------|
| L.L. | January 11, 2018 through November 12, 2020 |
| A.L. | July 3, 2018 through August 8, 2018 |
| B.M. | July 16, 2018 through August 22, 2018 |
| A.S. | July 31, 2018 through November 10, 2020 |
| D.P. | October 23, 2018 through March 13, 2019 |
| Z.P. | September 18, 2019 through January 27, 2020 |

| Alien | Approximate Dates of Employment |
|-------|--------------------------------|
| A.K.  | July 7, 2020 through October 15, 2020 |

In violation of Title 8, United States Code, Sections 1324a(a)(2) and 1324a(f)(1).

MARKENZY LAPOINTE
United States Attorney

Sean Beaty, Senior Litigation Counsel
District Court No. A5501870
Jessica A. Kraft, District Court No. A5502644
Nicolas J. Schilling Jr., District Court No. A5502809
Matthew C. Hicks, District Court No. A5502778
Wilson Rae Stamm, District Court No. A5503006
Trial Attorneys
U.S. Department of Justice, Tax Division
Christopher Clark, Florida Bar No. 0588040
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

**CASE NO.:**

**v.**

Eka Samadashvili, et al.

**CERTIFICATE OF TRIAL ATTORNEY\***

_____/
Defendants.

**Superseding Case Information:**

**Court Division** (select one)

- ☐ Miami
- ☑ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

New Defendant(s) (Yes or No)  Yes
Number of New Defendants  4
Total number of New Counts  5

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No)  No
   List language and/or dialect: _____

4. This case will take 0 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☑ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes, Judge _____  Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____  Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the                District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____

DOJ Senior Litigation Counsel
Court ID No.    A5501870

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

## PENALTY SHEET

**Defendant's Name:   David Kutateladze**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|-------|-----------|-----------|--------------|
| 5 | Unlawful Employment of Aliens | 8 U.S.C. § 1324a(a)(2) and (f)(1) | Max Imprisonment: 6 months<br>Max Fine: $21,000<br>Max Supervised Release Term: 1 year |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. _____

## PENALTY SHEET

**Defendant's Name:   DAVIT PAVLIASHVILI**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|-------|-----------|-----------|--------------|
| 2 | Conspiracy to Harbor Aliens and Induce Them to Remain | 8 U.S.C. § 1324(a)(1)(A)(v) | Max Imprisonment: 10 years<br>Max Fine: $250,000<br>Max Supervised Release Term: 3 years |
| 3 | Filing False Tax Return | 26 U.S.C. § 7206(1) | Max Imprisonment: 3 years<br>Max Fine: $250,000<br>Costs of Prosecution<br>Max Supervised Release Term: 1 year |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. _____

### PENALTY SHEET

**Defendant's Name:   EKA SAMADASHVILI**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy (Dual Object) | 18 U.S.C. § 371 | Max Imprisonment: 5 years<br>Max Fine: $250,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. _____

## <u>PENALTY SHEET</u>

**Defendant's Name:  NINO SCOTT**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 4 | Filing False Tax Return | 26 U.S.C. § 7206(1) | <u>Max Imprisonment</u>: 3 years<br><u>Max Fine</u>: $250,000<br><u>Costs of Prosecution</u><br><u>Max Supervised Release Term</u>: 1 year |

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| David Kutateladze, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

    I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

    After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*


_____
*Signature of defendant's attorney*

Richard Wunsch
_____
*Printed name of defendant's attorney*


_____
*Judge's signature*


_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| Davit Pavliashvili, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Richard Wunsch
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| Eka Samadashvili, | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

       I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

       After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Ronald Gainor
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| Nino Scott, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

     I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

     After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Christopher G. Lyons
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER:

### **BOND RECOMMENDATION**

DEFENDANT: David Kutateladze

---

**(Personal Surety)**(Corporate Surety) (Cash) (Pre-Trial Detention)

By: Sean Beaty, Matthew Hicks, Wilson Stamm
TRIAL ATTORNEYS

Last Known Address:    Key West, Florida

What Facility: _____

_____

Agent(s):   Jaime Haniff (HSI)
(FBI)(SECRET SERVICE)(DEA)(IRS) (ICE)**(OTHER)**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER:

### <u>BOND RECOMMENDATION</u>

DEFENDANT: <u>Davit Pavliashvili</u>

**(Personal Surety)**(Corporate Surety) (Cash) (Pre-Trial Detention)

By: <u>Sean Beaty, Matthew Hicks, Wilson Stamm</u>
TRIAL ATTORNEYS

Last Known Address: <u>    Key West, Florida    </u>

What Facility: _____

_____

Agent(s): <u>Jaime Haniff (HSI)</u>
(FBI)(SECRET SERVICE)(DEA)(IRS) (ICE)**(OTHER)**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER:

### **BOND RECOMMENDATION**

DEFENDANT: Eka Samadashvili _____

_____
**(Personal Surety)**(Corporate Surety) (Cash) (Pre-Trial Detention)

By: Sean Beaty, Matthew Hicks, Wilson Stamm _____
TRIAL ATTORNEYS

Last Known Address:    Austin, Texas ___

What Facility: _____

_____

Agent(s):  Jaime Haniff (HSI) _____
(FBI)(SECRET SERVICE)(DEA)(IRS) (ICE)**(OTHER)**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER:

### BOND RECOMMENDATION

DEFENDANT: Nino Scott

**(Personal Surety)**(Corporate Surety) (Cash) (Pre-Trial Detention)

By: Sean Beaty, Matthew Hicks, Wilson Stamm
TRIAL ATTORNEYS

Last Known Address: ___Key West, Florida___

What Facility: _____

_____

Agent(s): _Jaime Haniff (HSI)_____
(FBI)(SECRET SERVICE)(DEA)(IRS) (ICE)**(OTHER)**